Notice of Appeal Criminal
CO-290 Rev. 3/88

# United States District Court for the District of Columbia

UNITED STATES OF AMERICA

vs. Joseph Borges

Criminal No.   14- cr – 71 (RJL)

## NOTICE OF APPEAL

Name and address of appellant:
Joseph Borges, DCDC 236-324 Central Detention Facility 1901 D Street, SE Washington, D.C.

Name and address of appellant's attorney:     Nikki Lotze
400 7th Street, N.W.
Suite 202
Washington, D.C. 20004

Offense:  Conspiracy to Distribute and Possess with Intent to distribute 100 grams or More of

Heroin

Concise statement of judgment or order, giving date, and any sentence: November 6, 2014, district court's refusal to grant unopposed motion for release in a case in which the government filed an unopposed motion to dismiss without prejudice.

Name and institution where now confined, if not on bail:  Central Detention Facility (DC Jail)

I, the above named appellant, hereby appeal to the United States Court of Appeals for the District of Columbia Circuit from the above-stated judgment.

APPELLANT

DATE
ATTORNEYFOKAPPELLANT

Motion to Proceed IFP   X
GOVT. APPEAL, NO FEE
CJA, NO FEE
PAID USDC FEE
PAID USCA FEE
Does counsel wish to appear on appeal? yes
Has counsel ordered transcripts? yes
Is this appeal pursuant to the 1984 Sentencing Reform Act? No

## IN THE UNITED STATES CIRCUIT COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES,** **Appellee** | : |
| v. | : **14-cr-71 (RJL)** |
| **JOSEPH BORGES,** **Appellant** | : |
| | : |

## APPELLANT'S EXPEDITED APPEAL
### of DISTRICT COURT'S REFUSAL TO GRANT RELEASE
## IN A CASE IN WHICH THE GOVERNMENT HAS FILED AN UNOPPOSED MOTION
## TO DISMISS and DOES NOT OPPOSE DEFENDANT'S RELEASE

1. Certificate of Parties & Rulings

      COMES NOW the Appellant, Joseph Borges, by and through counsel, pursuant to Rule 9

of the Circuit Rules of the United States Court of Appeals for the District of Columbia Circuit, and

hereby submits the following Certificate as to Parties, Rulings and Related Cases:

I.     Parties and Amici.

     The following is a list of all known parties, intervenors or amici in the instant matter:

     (1)     Appellant, Joseph Borges; and

     (2)     Appellee, the United States of America

     (3)     There are three co-defendants in the case: (1) Charles Greer, represented by David
            Benowitz; (2) Darnell Jackson, represented by Elita Amato, and (3) Corey Rich,
            represented by Darlene Jackson

II.     Ruling Under Review.    The ruling under review in this matter is Judge Richard J. Leon's

November 6, 2014, refusal to grant an unopposed bond review motion for Mr. Borges'

release after the government moved to dismiss all charges in the case without prejudice.

III.     Related Cases.   The case on review before this Court was not previously before this Court

or any other court.

## STATEMENT OF JURISDICTION

The Court has jurisdiction pursuant to 18 U.S.C. §3145(c).

## STATEMENT OF ISSUES

1.     Did the court violate 18 U.S.C. §3142, in refusing to release Mr. Borges in a case which the

government has determined should be dismissed and in which the government is not

opposed to pretrial release?

2.     Did the court violate the Eighth Amendment to the U.S. Constitution in refusing to release

Mr. Borges in a case which the government has determined should be dismissed and in

which the government does not oppose Mr. Borges' release?

## STATUTES AND REGULATIONS

18 U.S.C. §3145(c):

**§ 3145. Review and appeal of a release or detention order**

**(c) Appeal from a release or detention order.**--An appeal from a release or detention order, or
from a decision denying revocation or amendment of such an order, is governed by the provisions
of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly.
A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the
conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under
appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional
reasons why such person's detention would not be appropriate.


U.S. Ct. App. Rule 9:

**Rule 9. Release in a Criminal Case**
**(a) Release Before Judgment of Conviction.**

(1) The district court must state in writing, or orally on the record, the reasons for an order
regarding the release or detention of a defendant in a criminal case. A party appealing from the
order must file with the court of appeals a copy of the district court's order and the court's statement
of reasons as soon as practicable after filing the notice of appeal. An appellant who questions the

2

factual basis for the district court's order must file a transcript of the release proceedings or an explanation of why a transcript was not obtained.

(2) After reasonable notice to the appellee, the court of appeals must promptly determine the appeal on the basis of the papers, affidavits, and parts of the record that the parties present or the court requires. Unless the court so orders, briefs need not be filed.

(3) The court of appeals or one of its judges may order the defendant's release pending the disposition of the appeal.

xxx

**(c) Criteria for Release.** The court must make its decision regarding release in accordance with the applicable provisions of 18 U.S.C. §§ 3142, 3143, and 3145(c).

Eighth Amendment to the United States Constitution

Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted

## STATEMENT OF THE CASE

Mr. Borges was arrested on March 26, 2014. Magistrate Judge Kay held a detention hearing on March 31, 2014, following which Mr. Borges was Ordered held with bond pursuant to 18 U.S.C. §3142(e).

On October 22, 2014, the government filed a notice stating, among other things, that it did not oppose Mr. Borges' release.1   On October 28, 2014, counsel filed a motion for review of Mr.

---

1 In relevant part, the government notified the Court and parties of:

> newly discovered information which may materially affect the ultimate disposition of this matter … [to wit]: On October 1, 2014, the government was informed by the Federal Bureau of Investigation (FBI) that one of the special agents who assisted in the investigation of the defendants' case may have engaged in misconduct in other cases by tampering with evidence, including narcotics evidence, seized during other investigations. The special agent has been suspended, and a criminal investigation has been opened. Because the investigation of the special agent's alleged misconduct is in its early stages, the government has not yet determined what impact the alleged misconduct will have on the defendants' cases.
>
> xxx
>
> As a result of the government's Notice and the reasons underlying this request, the government would not oppose a motion by the defendants for release … from custody pending trial or other resolution of this case.

Borges' detention, citing among other things the government's support for such a motion.   The

court neither set a bond hearing nor in any other way addressed the unopposed release of Mr.

Borges.

The government then moved to dismiss all charges pending against Mr. Borges. *See* Gov.

Mot. filed November 5, 2014 [docket entry #32].

At a previously scheduled status hearing held November 6, 2014, the court declined to

release Mr. Borges.2  This timely appeal followed.

## ARGUMENT

The district court erred in refusing to release Mr. Borges in a case which the government

has determined should be dismissed and in which the government no longer seeks Mr. Borges'

pretrial detention.

Whatever reasons may have supported the court's original decision to hold Mr. Borges

without bond, that decision must be reconsidered in a case which the government has determined

should be dismissed and in which the government no longer seeks pretrial detention.

One of the factors the court is directed to consider in determining whether or not to deprive a

person of his liberty pending trial is the weight of the evidence against the person. 18 U.S.C.

§3142(g)(2). Here, by filing a motion to dismiss all charges against Mr. Borges, the government

---

With regard to Mr. Borges, the government sought imposition of "certain conditions" of
release including a money bond.

Gov. Notice filed 10/22/14, a copy of which is attached.

2  Despite the lack of any defense opposition, (Transcript of 11/6/14 hearing at 3), the court also
refused to grant the government's motion to dismiss without prejudice, and instead set a briefing
schedule to be followed by oral argument on December 10, 2014.

has indicated that without the tainted evidence, any remaining evidence against Mr. Borges in of insufficient weight to warrant continued prosecution.

As was set forth in the government's notice, the criminal investigation into the misconduct (including tampering with narcotics evidence), of an Agent involved in the investigation which led to Mr. Borges' arrest, initially caused the government only to seek a status hearing within 30 days, in order that it might consider whether it possessed sufficient untainted evidence to proceed with the prosecution. *See* Gov. notice filed 10/22/14, attached.   The government subsequently modified its position and moved to dismiss all charges. Gov. Mot. filed 11/5/14 [#32].

This has not been the government's position across the board with regard to cases tainted by the Agent's involvement. *See, e.g., United States v. Floyd,* et. al.,13-305(EGS) (although the government filed a Notice concerning the Agent's involvement it has clarified that because of the Agent's limited involvement, there remains sufficient untainted evidence to continue to prosecute the matter [*See* docket #459]).

Thus, it is evident that the government has made a determination germane to its assessment of the weight of its evidence in the case against Mr. Borges, that without the tainted evidence it is not in a position to prosecute Mr. Borges.

The government is in the best, and perhaps only, position to assess the strength of its evidence against Mr. Borges.   Though its originally sealed notice has since been unsealed, the investigation into the Agent's misconduct remains shrouded in secrecy.   To date, the government has not revealed the name of the Agent nor further specified the nature of the Agent's misconduct.

Nonetheless, it has been reported that the FBI agent's name is Matthew Lowry, (November 6, 2014, Washington Post article); that Lowry is "accused of tampering with evidence, including narcotics and guns," and that

5

> Sometime in late September, the agent was found slumped over the wheel of his unmarked FBI vehicle near the Navy Yard, according to two law enforcement officials with knowledge of the case. Empty bags thought to have contained drugs were found in the car, the officials said.

November 6, 2014, Washington Post article ("FBI agent in misconduct case may have tampered with drugs, guns, documents say"). The known allegations are of an extremely serious nature and go to the heart of the criminal justice system.

Certainly the district court is in no better position than the government to assess the weight of any untainted evidence against Mr. Borges. Nor did the district court make any effort to determine whether sufficient untainted evidence remained to justify pretrial detention. In the face of counsel's argument in support of the unopposed bond motion, the court did not inquire as to the weight of any remaining untainted evidence; did not consider any of the factors enumerated by 18 U.S.C. 3142, and did not grant the defendant's unopposed motion for reconsideration of bond.

Instead, without explaining how or why, the court expressed the view that it's bond determination was dependent upon whether the government moved to dismiss the case with or without prejudice:

> the issue of whether or not these men should be released while a motion without prejudice is pending is not as simple a question as if it was a motion to dismiss with prejudice.

Xxx

THE COURT: Because I have to protect the public interest, as well.

xxx

THE COURT: The public interest. As I said a minute ago, the charges here are very serious, if they're true.

(11/6/14 Tr. at 13-14).

The district court did not elucidate what public interest it believed itself to be championing by further detaining defendants against whom the government has moved to dismiss all charges.

6

The only concern for the court in determining bond is whether the defendant presents a danger to the community and/or a risk of flight.   Surely each of those decisions are impacted when the government moves to dismiss the criminal charges which justified pretrial detention in the first place. At a minimum, the district court was bound by statute to consider whether, in moving to dismiss all charges, a different determination should be reached concerning the weight of the government's evidence. 18 U.S.C. 3142(g)(2).

Nonetheless, in response to counsel's repeated efforts to obtain unopposed release for Mr. Borges, the court admonished counsel:

THE COURT: Miss Lotze, I know what they've moved. I've said what I believe needs to be done. Don't twist this around into something it isn't, Miss Lotze. You've made your point. Do you have anything else?

MS. LOTZE: Yes, Your Honor. I believe that the court should order Mr. Borges' released in light of the fact that the government doesn't believe that it can go forward at this point and in light of the fact that the government doesn't oppose his release in this matter.

THE COURT: You can have a seat. You made your point.

(11/6/14 Tr. at 12)

## CONCLUSION

The Court should Order Appellant's immediate release in this case which the government has moved to dismiss and in which the government does not oppose release.

Respectfully submitted,

*Nikki Lotze*

Nikki Lotze, #447-881
LOTZE MOSLEY, LLP
400 7th Street, NW
Suite 202
Washington, D.C. 20004
(202) 393-0535

7

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing appeal has been delivered electronically to AUSA Darlene Soltys, Office of the United States Attorney, this 7th day of ___November___, 2014.

Nikki Lotze

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| **JOSEPH BORGES,** | ) |
| **CHARLES GREER,** | ) |
| **DARNELL K. JACKSON and** | ) |
| **COREY RICH** | ) |
| Defendants. | ) |

Crim. No. 14-071 (RJL)

## GOVERNMENT'S MOTION TO DISMISS INDICTMENT

Pursuant to Federal Rule of Criminal Procedure 48(a), the United States of America, by

and through its attorney, the United States Attorney for the District of Columbia, hereby moves to

dismiss the Indictment, as to all defendants, without prejudice.

Respectfully submitted,

RONALD C. MACHEN JR.
UNITED STATES ATTORNEY
D.C. Bar No. 447-889

By:

_____/s/_____

Darlene M. Soltys
Assistant United States Attorney
D.C. Bar No. 431-036
Violent Crime and Narcotics
Trafficking Section
555 4th Street, NW, 4th Floor
Washington, DC 20530
(202) 252-7685
Darlene.soltys@usdoj.gov

1

```
 1                    IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF COLUMBIA
 2

 3     United States of America,    )
                                    )       File No:  14-71
 4                    Plaintiff,)
                                    )       Date:   November 6, 2014
 5     vs.                          )       Time:   12:00 p.m.
                                    )
 6     Joseph Borges, Charles       )
       Greer, Darnell Jackson,      )
 7     Corey Rich,                  )
                                    )
 8                    Defendant(s). )

 9     _____

10
                        TRANSCRIPT OF STATUS HEARING
11                             HELD BEFORE
                       THE HONORABLE RICHARD J. LEON
12                     UNITED STATES DISTRICT JUDGE

13     _____

14
       APPEARANCES:
15

16     For the Plaintiff:     Darlene Soltys, AUSA

17
       For the Defendant:     Nikki Lotze, Esq. (Joseph Borges)
18                            David Benowitz, Esq. (Charles Greer)
                              Elita Amato, Esq. (Darnell Jackson)
19                            Darlene Jackson, Esq. (Corey Rich)

20
       Court Reporter:             Janice Dickman, RMR, CRR
21                                 Official Court Reporter
                                   U.S. Courthouse, Room 6523
22                                 333 Constitution Avenue, NW
                                   Washington, DC  20001
23                                 202-354-3267

24

25
```

1               THE COURT:  Good afternoon.

2               THE CLERK:  Your Honor, we have criminal action

3    14-71, United States of America versus Joseph Borges,

4    Charles Greer, Darnell Jackson, and Corey Rich.

5               Would counsel please approach the lectern,

6    identify yourselves for the record.

7               MS. SOLTYS:  Good afternoon, Your Honor.  I'm

8    Darlene Soltys on behalf of the United States.

9               THE COURT:  Welcome back.

10              MR. LOTZE:  Good afternoon, Your Honor.  I'm Nikki

11   Lotze on behalf of Joseph Borges, who's present.

12              THE COURT:  Welcome back.

13              MR. BENOWITZ:  Good afternoon, Your Honor.  David

14   Benowitz on behalf of Charles Greer, who's present.

15              THE COURT:  Welcome back.

16              MS. AMATO:  Good afternoon, Your Honor.  Elita

17   Amato on behalf of Darnell Jackson, who's present.

18              THE COURT:  Welcome back.

19              MS. JACKSON:  Good afternoon, Your Honor.  Darlene

20   Jackson on behalf of Mr. Corey Rich, who's present, Your

21   Honor.

22              THE COURT:  Welcome back.

23              THE COURT:  Well, Miss Soltys, looks like we've

24   had a change of circumstances.

25              MS. SOLTYS:  It would appear so, Your Honor.  Your

```
 1    Honor, the court is aware that the government filed a notice
 2    to the defense attorneys on October the 22nd in which we
 3    disclosed issues that had developed in this case.  The court
 4    is also aware that on Monday evening we filed a motion to
 5    unseal that notice.  And we would ask the court to grant our
 6    motion and unseal the notice that we had previously filed
 7    under seal.
 8              THE COURT:  Any objection, defense counsel?
 9              MS. LOTZE:  No, Your Honor.
10              MR. BENOWITZ:  No, Your Honor.
11              MS. AMATO:  No, Your Honor.
12              MS. JACKSON:  No, Your Honor.
13              THE COURT:  All right.  The record will reflect
14    that the defense counsel agreed.  Motion will be granted.
15              MS. SOLTYS:  Your Honor, the court is aware that
16    last night the government filed a motion to dismiss the
17    indictment in this case as to all defendants.  That motion
18    is not opposed.
19              THE COURT:  Uh-uha, uh-uha.  You're bearing the
20    lead.  You know what that means?
21              MS. SOLTYS:  (Nods head.)
22              THE COURT:  Without prejudice.  For the benefit of
23    the audience members, it can be brought again.  Right?
24              MS. SOLTYS:  Right.
25              THE COURT:  And as you're well aware, hopefully,
```

1    you've read *Poindexter*, I hope, Harold Greene's opinion.   If

2    it's a motion to dismiss without prejudice, not only does

3    the court have to bless it, the court must analyze the

4    impact on the defendants and the public interest in granting

5    it.

6          There's no brief in support of this.  Court's in

7    a, basically, vacuum of knowledge.  I'll be the first to

8    acknowledge the government has a limitation of what its

9    knowledge is, too.  There's an investigation going on with

10   regard to this agent.  But that doesn't mean this court is

11   just automatically going to grant the motion to dismiss

12   without prejudice.  You want to dismiss it with prejudice, I

13   really have no discretion.

14          And let me tell you something, the four of them

15   are going to have to file a brief, too, as to why I should

16   grant it without prejudice.  Because if I grant it without

17   prejudice, that sword hangs over each one of their heads,

18   indefinitely.

19          So, this isn't just a simple situation of dismiss

20   it without prejudice.  Government wants its cake and eat it,

21   too, until it figures out what's going to happen here.  I

22   appreciate the government's entitled to an opportunity to

23   figure out what's happened here and whether or not it still

24   has a case.  But how long?

25          This court is not going to just grant something

1     without prejudice, without going through the analysis Judge

2     Greene went through in the *Poindexter* case.  And I might

3     add, that was a case of national attention and significance.

4            This is a big case as to these four defendants.

5     Their lives are under tremendous spotlight, pressure.  So

6     these defendants are a little older in the tooth than the

7     typical defendant in this courtroom.  If this case

8     proceeds or if it proceeds again in the future, it could

9     dramatically affect their lives, the rest of their lives.

10            It's a big case for the four of them.  May not be

11     a Poindexter case, but it's a big case for the four of them.

12     It's a big case for the community.  The charges that are

13     alleged here are serious charges, very serious charges, if

14     they're true, if they can be proven.  You're in a better

15     position to know the answer to that question than I am.  You

16     know the evidence, I don't.  The four defense counsel are in

17     a better position to answer that question than I am; they've

18     had discovery, or the benefit of discovery, I haven't.

19            So, at a minimum we're going to start with a

20     briefing schedule.  I'll give you ten days.  You file a

21     brief, analyze this case through the prism, at least, at

22     least, of *U.S. v. Poindexter*, because that's the analysis

23     this court is going to be going through to determine whether

24     or not to grant this motion without prejudice.  I'll give

25     the defense ten days thereafter to file their motion as to

1   whether they object or whether they agree or whether they

2   have some other perspective that they want to echo.

3          MS. SOLTYS:  That's fine.  I understand.

4          THE COURT:  And we'll set a hearing and we'll air

5   it all out.  I have every reason to believe the

6   investigation that's going on won't be done in the next

7   three weeks, three and a half weeks, whatever it will take

8   for all those briefs to be done.  We'll have an oral

9   argument and then I'll make a decision and if I -- if I

10  reject your offer -- your request, I'll put it in writing,

11  there will be an opinion.  Because we don't do that.

12         I've been on this court 13 years and I've never

13  rejected a motion to dismiss.  However, I'm hard-pressed to

14  remember any case I've ever had where the government moved

15  to dismiss without prejudice.  I may have done it, but I

16  can't remember the name.  And it's my job to make sure,

17  before granting a motion like this, that these men are not

18  unfairly prejudiced by it.  That's my job.  Judge Greene

19  laid it all out.  So, take a look at his opinion.  Might

20  want to take a look at the case he cites from the 10th

21  Circuit.  I don't think our circuit has been too actively

22  involved.  *United States versus Strayer*, check that out,

23  too.

24         And let's take a look at the calendar here.  Well,

25  ten days is the 16th.  That's, obviously, a Sunday.  So

```
 1     we'll go to the 17th.  And get your pleading in by the 17th
 2     and then they can have -- well, Thanksgiving day is ten days
 3     later, the 27th, I don't think that would be fair.  So they
 4     can have until Monday, December 1st, to get their pleading
 5     in and then we'll have an oral argument that week, later
 6     that week.
 7               MS. SOLTYS:  That's fine.
 8               THE COURT:  How about December -- check your
 9     calendar, Counsel, see if you're available on December 4th.
10               MR. BENOWITZ:  Actually, Your Honor, I have a jury
11     trial starting in the Eastern District of Virginia December
12     1st.  I expect it to last that week so.  It if we could set
13     it sometime that week after.
14               THE COURT:  The week of the 8th?
15               MR. BENOWITZ:  That's fine.
16               THE COURT:  How about the week of the 8th for you?
17               MS. SOLTYS:  That's fine for the government, Your
18     Honor.
19               THE COURT:  Defense counsel, the week of the 8th
20     pretty good week for you?
21               MS. AMATO:  Yes.
22               MS. JACKSON:  Yes, it is.
23               THE COURT:  Let's do it on the 9th, at 11:30, if
24     that works.
25               MS. AMATO:  Actually, I'm available all day the
```

1    8th.  I'm available all day the 10th, the 11th.  The 9th is

2    a bit crowded.

3              THE COURT:  All right, 11:30 the 10th you said

4    would work?

5              MS. AMATO:  That's fine.

6              THE COURT:  Miss Soltys, does that work for you?

7              MS. SOLTYS:  11:30 on the 10th?

8              THE COURT:  Yes.

9              MS. SOLTYS:  Yes, Your Honor.

10             THE COURT:  Very good.

11             MS. JACKSON:  Yes, Your Honor.

12             MS. LOTZE:  That's fine, Your Honor.

13             MR. BENOWITZ:  Yes, Your Honor.

14             THE COURT:  All right.  Very good, 11:30 on the

15    10th.

16             If you have to file your motion under seal because

17    you need to put in it information that you think is

18    important for the court to know in assessing not only public

19    interest, but the interest of these defendants, don't

20    hesitate to file -- make a motion to file it under seal,

21    especially if it's not objected to by the parties.  And you

22    can rest assured it will probably be granted.

23             MS. SOLTYS:  Thank you, Your Honor.

24             THE COURT:  I appreciate the sensitivity of this

25    situation.  So, it's not a common one and so it's one that

1    we need to deal with incrementally and carefully.  Bottom

2    line remains the same, burden on the court for motion of

3    this kind is very different than when it's with prejudice.

4    So we have to be very careful.

5              Thank you, Miss Soltys.

6              MS. SOLTYS:  Thank you, Your Honor.

7              MS. LOTZE:  Your Honor, I guess I have two

8    requests, or issues to raise given the court's comments.

9    One, I assume, given the fact that the government doesn't

10   oppose release in this case, that the court will be entering

11   an order releasing Mr. Borges today.

12             Second --

13             THE COURT:  Did you say you suppose that?

14             MS. LOTZE:  I said I assume that since there is no

15   opposition by the government --

16             THE COURT:  You should never assume things like

17   that.

18             MS. LOTZE:  I filed a motion seeking Mr. Borges'

19   release.

20             THE COURT:  I have not ruled on it yet.

21             MS. LOTZE:  Right.  I would ask the court release

22   Mr. Borges in the interim, given the fact the government

23   does not oppose the release.

24             THE COURT:  I'm not sure I'm going to do that.

25             MS. LOTZE:  Secondly, Your Honor, in light of the

1    brief that the court has asked to be filed, I would make --

2    in order to file that kind of opposition or lack of

3    opposition, in order to analyze the government's motion, I'm

4    going to need additional discovery, which would include the

5    names of any and all agents or officers who were aware of

6    this agent's misconduct, the names of any and all officers

7    to whom the misconduct was made known, the names of any and

8    all other agents or officers who were involved in any of the

9    misconduct.

10         THE COURT:  Are you planning on filing a motion to

11   that effect?

12         MS. LOTZE:  Well, Your Honor, given the court's

13   schedule --

14         THE COURT:  If you want to file a motion to that

15   effect, you're welcome to, but I don't believe you need to

16   have that information to respond to Miss Soltys's motion.

17   Now, now, if it should come to pass, after I review Miss

18   Soltys' motion, that it does appear to me that you do need

19   that information, I will willingly grant it.  But I have to

20   be convinced that that's necessary.

21         So, you got a couple options.  One option is to

22   file a motion.  The government can oppose it or agree to it.

23   The other option is wait and see what she files, file it

24   then if it's really necessary and I'll deal with it then.

25         MS. LOTZE:  Very well.  I would ask the court take

```
 1    up the bond issue.  Mr. Borges, under the circumstances
 2    where the government has moved to dismiss the matter --
 3              THE COURT:  Without prejudice.
 4              MS. LOTZE:  Understood.
 5              THE COURT:  And that is a motion -- that's a much
 6    more delicate and difficult motion than with prejudice.
 7              MS. LOTZE:  No, I understand all that.
 8              THE COURT:  Because the court has to go through a
 9    real analysis.  And I'm giving you an opportunity, in case
10    you're failing to get this, to explain to the court why the
11    court shouldn't grant it and should, in turn, grant the
12    motion with prejudice.
13              MS. LOTZE:  Yes, Your Honor.  I haven't missed any
14    of that.  Thank you.
15              THE COURT:  Do you understand that?  Good.
16              MS. LOTZE:  My point is that in light of the fact
17    that the government has moved to dismiss the case with
18    prejudice --
19              THE COURT:  Without prejudice.
20              MS. LOTZE:  Without prejudice, and has thereby --
21              THE COURT:  Important distinction.
22              MS. LOTZE:  Yes, Your Honor.  And has thereby
23    indicated its belief that it can't go forward against these
24    gentlemen.
25              THE COURT:  It hasn't necessarily indicated that.
```

```
 1                    MS. LOTZE:  In light of the fact --

 2                    THE COURT:  Miss Lotze, I know what they've moved.

 3     I've said what I believe needs to be done.  Don't twist this

 4     around into something it isn't, Miss Lotze.  You've made

 5     your point.  Do you have anything else?

 6                    MS. LOTZE:  Yes, Your Honor.  I believe that the

 7     court should order Mr. Borges' released in light of the fact

 8     that the government doesn't believe that it can go forward

 9     at this point and in light of the fact that the government

10     doesn't oppose his release in this matter.

11                    THE COURT:  You can have a seat.  You made your

12     point.

13                    Miss Amato, do you have any points you would like

14     to make?

15                    MS. AMATO:  Well, Your Honor, I would just like to

16     bring to the court's attention that I had also filed an

17     unopposed motion for bond review for Mr. Darnell Jackson.

18     So I would just ask the court to consider the motion and to

19     release Mr. Jackson, as well.

20                    THE COURT:  Very good.

21                    MS. AMATO:  Thank you.

22                    THE COURT:  Anyone else have anything they want to

23     raise?

24                    MR. BENOWITZ:  Yes, Your Honor.  On behalf of Mr.

25     Greer, I had also filed a motion, I believe I'd filed it
```

1    under seal, a motion for bond review.  And that was

2    unopposed by the government.  And I would ask the court to

3    grant that motion to release Mr. Greer today.

4              MS. JACKSON:  Also, Your Honor, on behalf of Mr.

5    Rich, I also filed an unopposed motion for bond review and I

6    do ask the court to consider releasing Mr. Rich on PR.

7              Also, I want to sort of clarify with the court

8    just one point, and that is if the government decides to

9    file a motion to dismiss with --

10             THE COURT:  --prejudice.

11             MS. JACKSON:  -- prejudice, would the court

12   entertain that motion, as well, or does --

13             THE COURT:  The court would always entertain a

14   motion to dismiss with prejudice.  Indeed, in the case of

15   such a motion, the court would have very little to do.

16             MS. JACKSON:  Very well, Your Honor.  Thank you.

17             THE COURT:  It would almost assuredly have to

18   grant it.  The Rules of Procedure don't make the same

19   requirements on the court when it's without prejudice.  And

20   the issue of whether or not these men should be released

21   while a motion without prejudice is pending is not as simple

22   a question as if it was a motion to dismiss with prejudice.

23             MS. JACKSON:  I see, Your Honor.  So, if the

24   government --

25             THE COURT:  Because I have to protect the public

1    interest, as well.

2              MS. JACKSON:  Yes, Your Honor.

3              THE COURT:  The public interest.  As I said a

4    minute ago, the charges here are very serious, if they're

5    true.

6              MS. JACKSON:  Yes, Your Honor.

7              THE COURT:  If the government can prove them

8    beyond a reasonable doubt, these are very serious charges

9    and I must protect the public, as well as them individually.

10   So I'm balancing a lot of interests here, simultaneously.

11             But first and foremost, I need to get to the

12   bottom of the issue of whether or not the motion to dismiss

13   without prejudice should be granted.  And I'm not going to

14   address an issue of that magnitude and importance and, I

15   might add, novelty, without the benefit of the government's

16   thinking in writing and, if necessary, with whatever

17   information needs to be filed under seal, and I don't know

18   what that will be, if anything, and without the benefit of

19   hearing from defense counsel on this issue, as well, because

20   of the consequences granting it without prejudice has in the

21   lives of these four defendants.

22             MS. JACKSON:  I agree, Your Honor.

23             THE COURT:  So I am going to be very careful and

24   very cautious before I either grant the motion to dismiss

25   without prejudice or release defendants whose conduct was

1    found by the grand jury to warrant indictments of charges of

2    this magnitude.  These are very serious charges.  So I'm

3    moving -- we're in a mine field, we're going to move

4    carefully, slowly.  Not going to be any sprinting.

5                 MS. JACKSON:  Yes.

6                 THE COURT:  No sprinting.

7                 MS. JACKSON:  So, Your Honor, if the government

8    decides to file a motion to dismiss with prejudice before --

9                 THE COURT:  With prejudice.

10                MS. JACKSON:  Yes, with prejudice, before the

11   December 10th court date, would the court entertain a

12   hearing on bond review --

13                THE COURT:  Absolutely.

14                MS. JACKSON:  -- prior to that?

15                THE COURT:  I would say almost instantaneously.

16   Probably the same day, or depending on what time of day it

17   is.

18                MS. JACKSON:  Thank you, Your Honor.

19                THE COURT:  Anything else, Counsel?

20                Stand in recess.

21                              *   *   *

22

23

24

25

1                    CERTIFICATE OF OFFICIAL COURT REPORTER

2

3

4

5                    I, JANICE DICKMAN, do hereby certify that the

6        above and foregoing constitutes a true and accurate

7        transcript of my stenographic notes and is a full, true and

8        complete transcript of the proceedings to the best of my

9        ability.

10            Dated this 7th day of November, 2014.

11

12                                        s/Janice Dickman
                                     Official Court Reporter
13                                   United States Courthouse
                                     Room 6523
14                                   333 Constitution Avenue, NW
                                     Washington, DC   20001
15

16

17

18

19

20

21

22

23

24

25